UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60425-CIV-COHN/SELTZER

MIR CONVENIENCE STORE, INC.,

 Plaintiff,

vs.

CENTURY SURETY COMPANY,

 Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff's Motion for Remand to State Court [DE 17] ("Motion"). The Court has carefully considered the Motion and Defendant's Response thereto [DE 20],[1] and is otherwise fully advised in the premises. For the reasons below, Plaintiff's Motion is denied.

## I. BACKGROUND

Plaintiff MIR Convenience Store, Inc. insured its convenience store in Pompano Beach, Florida, with Defendant Century Surety Company. Compl. [DE 1-1] ¶¶ 6-7. On October 17, 2012, while the insurance was in effect, Plaintiff's convenience store allegedly suffered water damage. Id. ¶ 9. Plaintiff subsequently filed a claim for the loss with Defendant. Id. ¶ 10. After inspecting the property, however, Defendant denied Plaintiff's claim. Id. ¶¶ 13-14.

Accordingly, on August 7, 2013, Plaintiff sued Defendant for breach of contract in Broward County Circuit Court. On December 4, 2013, Plaintiff served the state-court

---

[1] Plaintiff did not file a reply in support of its Motion.

1

complaint on Defendant.  Several months later, on February 20, 2014, Defendant removed Plaintiff's case to this Court based on diversity jurisdiction.  Plaintiff now moves to remand this case back to state court, arguing that Defendant's removal was untimely.  Defendant opposes the Motion.

## II. STANDARD OF REVIEW

A defendant in a state-court action may remove a case to federal court if "the district courts of the United States have original jurisdiction" over the action.  28 U.S.C. § 1441(a).  This includes diversity jurisdiction—i.e., when the parties are "citizens of different States" and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  See 28 U.S.C. § 1332(a).  Procedurally, the federal removal statute requires a defendant to file a notice of removal within 30 days after being served with the "initial pleading."  28 U.S.C. § 1446(b)(1).  An exception to this rule exists, however, when the case framed by the initial pleading is not removable on its face:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper from which it may first be ascertained that the case is one which is or has become removable*.

Id. § 1446(b)(3) (emphasis added).

## III. ANALYSIS

In this case, the parties agree that the Court has diversity jurisdiction.  But they disagree as to when Defendant could first have intelligently ascertained that the amount-in-controversy threshold was satisfied and, thus, when the 30-day removal clock began to tick.  Plaintiff argues that Defendant knew (or should have known) that this case exceeded the $75,000.00 threshold on December 4, 2013—the very day it

2

was served with the complaint.  According to Plaintiff, Defendant knew at that time that the amount-in-controversy threshold was met because Plaintiff's public adjuster had previously given Defendant's agent a *pre-suit* written damages estimate of $106,000.00 in December 2012, long before this case was filed.  See DE 17 at 5.  Yet Defendant did not remove this case until February 20, 2014, over seventy-five days later.  Plaintiff thus contends that Defendant's removal was untimely.

Defendant, however, sees things differently.  In Defendant's view, it never received any *pre-suit* written damages estimate from Plaintiff.  But even if it had, Defendant argues that the *pre-suit* written damages estimate does not constitute an "other paper" from which it could have first ascertained that this case was removable within the meaning of § 1446(b)(3).  Furthermore, Defendant could not glean whether the amount-in-controversy threshold was satisfied from Plaintiff's complaint, because Plaintiff only alleged damages exceeding "Fifteen Thousand Dollars ($15,000.00)." Compl. [DE 1-1] ¶ 1.  Rather, Defendant contends that it was not until January 27, 2014—when Plaintiff provided a *post-suit* written damages estimate of $112,701.72 to Defendant—that Defendant first ascertained that the amount-in-controversy threshold was satisfied in this case.  Defendant thus maintains that its notice of removal, which was filed only twenty-four days later on February 20, 2014, was timely.

The Court agrees with Defendant.  Although some courts divide on the issue, many courts have found that *pre-suit* documents do *not* constitute "other papers" for purposes of ascertaining whether a case is removable under § 1446(b)(3).  See, e.g., Lambertson v. Go Fit, LLC, 918 F. Supp. 2d 1283, 1287 (S.D. Fla. 2013) (finding that pre-suit document did not serve as notice of claim's value so as to trigger the thirty-day

3

removal clock).  As the Fifth Circuit explained, "[b]y its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading." Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992).  Thus, the fact that Plaintiff allegedly gave Defendant a *pre-suit* written damages estimate does not matter.  What matters, rather, is when Defendant could first have intelligently ascertained that this case was removable after receipt of Plaintiff's complaint.  In this instance, Defendant's first opportunity to ascertain that this case was removable was on January 27, 2014, when Plaintiff's counsel sent Defendant a *post-suit* written damages estimate of $112,701.72.  At that point, Defendant had thirty days to file its notice of removal.  Because Defendant did so only twenty-four days later, Defendant's notice of removal was timely.  Plaintiff's Motion, therefore, must be denied.

**IV. CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand to State Court [DE 17] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of May, 2014.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.

4